SO ORDERED.

Dated: December 24, 2020

Daniel P. Collins, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 Proceedings |
| JORDAN GARCIA and CYNTHIA CELENE BUSTAMANTE, | Case No. 2:19-bk-06454-DPC |
| Debtors. | UNDER ADVISEMENT ORDER RE CURE OF POST-CONFIRMATION DEFAULTS THROUGH A CHAPTER 13 PLAN MODIFICATION |
| | [NOT FOR PUBLICATION] |

Jordan Garcia and Cynthia Celene Bustamante ("Debtors") seek to modify their confirmed chapter 13 plan by paying over time the post-petition arrears that have built up on the first lien against their residence. Although the holder of the first lien has not objected to the Debtors' proposed plan modification, the chapter 13 trustee contends that the proposed plan ("Modified Plan") is prohibited by § 1322(b)(2)[1] of the Bankruptcy Code. The Court now holds that, notwithstanding the language of § 1322(b)(2), paragraphs (3) and (5) authorize a modified chapter 13 debtor's plan to cure post-petition arrears on a lien secured only by a lien on that debtor's residence.

## I. BACKGROUND

Debtors filed their Chapter 13 Petition on May 24, 2019 ("Petition Date"). Their 60-month Chapter 13 Plan ("Confirmed Plan") was confirmed on November 7, 2019.[2]

---

[1] Title 11 of the United States Code.
[2] DE 27. This was then shortly amended on November 25, 2019 at DE 36.

1

Among other things, the Confirmed Plan called for pre-Petition Date arrears of $13,105.08 owed on Freedom Mortgage's ("Lienholder") lien against Debtors' residence at 3410 S. 88th Lane, Tolleson, AZ 85353 ("Residence") to be paid over the course of the Plan. This Court's Local Rules[3] require a debtor's pre-petition home mortgage arrears and ongoing post-petition mortgage payments to be paid to the chapter 13 trustee under what is known as a "conduit plan."

All went well with the Debtors' conduit Confirmed Plan, that is until the COVID-19 pandemic gripped the United States in March 2020. Debtors missed their home loan payments for the months of March through June. Lienholder's lawyer entered her appearance on June 3, 2020.[4] Debtors filed their Modified Plan[5] calling for, among other things, payment of Debtors' post-Petition Date arrears on the Lienholder's loan over 71 months.[6] Although the Lienholder and its lawyer received notice of the Debtors' Modified Plan,[7] it never filed an objection. However, the chapter 13 trustee, Edward Maney ("Trustee"), did file his recommendations[8] on August 10, 2020 requiring, among other things, that the Debtors obtain the Lienholder's written consent to the proposed treatment under Debtors' Modified Plan.

Rather than seek the Lienholder's written consent to their Modified Plan, Debtors filed a Memorandum[9] contending the Lienholder, by failing to object, had accepted the Modified Plan. The Trustee filed his Memorandum[10] contending that, with or without an objection by the Lienholder, the Debtor's Modified Plan cannot be confirmed under

---

[3] LR 2084-4(b)(1).
[4] DE 39.
[5] DE 43.
[6] The Coronavirus Aid, Relief, and Economic Security (CARES) Act was passed by Congress on March 27, 2020. Under § 1113(b)(1)(C) of the CARES Act, Pub. L. No. 116-136, "for a plan confirmed prior to the date of enactment of this subsection," someone experiencing "a material financial hardship due, directly or indirectly to the . . .pandemic," may modify a chapter 13 plan to provide for payments up to a period of no more "than 7 years after the time that the first payment under the original confirmed plan was due."
[7] DEs 43-1 and 45.
[8] DE 46.
[9] DE 60.
[10] DE 63.

§ 1322(b)(2), absent Lienholder's written consent to its treatment under the Modified Plan.

## II. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(L) and 1334.

## III. LEGAL ANALYSIS

After a debtor's chapter 13 plan has been confirmed, but before the completion of the plan payments, a debtor may seek to modify that plan in accordance with § 1329(a). In doing so, the debtor may seek to "(2) extend or reduce the time for such payments." The proposed modified plan must comply with § 1322(b)[11] which tells us that a debtor's chapter 13 plan may:
> …
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;
> (3) provide for the curing or waiving of any default;
> …
> (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

A chapter 13 trustee has standing to object to the debtor's plan under § 1325(a)(1).[12] Where a secured creditor fails to object to the debtor's chapter 13 plan, this usually "translates into acceptance of the plan by the secured creditor."[13] However, the Lienholder's implied acceptance of Debtor's proposed Modified Plan does not, as Debtors

---

[11] *In re Mrdutt*, 600 B.R. 72 (9th Cir. BAP 2019) ("A modified plan is essentially a new plan and must be consistent with the statutory requirements for confirmation.")
[12] *In re Andrews*, 49 F. 3d 1404, 1409 (9th Cir. 1995).
[13] *Id*.

3

suggest, deprive the Trustee of standing to object to the Modified Plan. As the 9th Circuit noted in *Andrews*,

> the Chapter 13 trustee is saddled with a wide range of powers and duties…It thus would be inconsistent to provide the trustee with such a broad array of powers and duties and yet deny the trustee standing to object at the confirmation hearing when the plan fails to comply with the Bankruptcy Code.[14]

Since the Trustee has standing to object to the Modified Plan, the question for this Court to resolve is whether the Debtors' proposed Modified Plan complies with the Bankruptcy Code where it proposes to cure post-confirmation defaults on the Lienholders' secured claim against the Residence. The parties have cited no controlling decision from the 9th Circuit Court of Appeals or the 9th Circuit's BAP nor has this Court located such binding authority.

The Trustee focuses on § 1322(b)(2)'s prohibition on modification of "a claim secured only by a security interest in real property that is the debtor's principal residence." All agree that the Lienholder holds a security interest in real property and that such interest is secured only by the Residence and that the Residence is Debtors' principal residence. But does the Modified Plan seek a modification of the Lienholder's rights as a secured creditor? In this Court's view, the Modified Plan does not seek to modify the Lienholder's secured claim but, rather, seeks alter the schedule within which the Lienholder's secured claim is to be fully satisfied. The Confirmed Plan delayed the time within which pre-Petition Date arrears were to be paid to the Lienholder. That Confirmed Plan was approved without objection from the Lienholder or the Trustee. The Modified Plan likewise simply seeks to stretch the time over which Debtors' post-Petition Date arrears are paid to the Lienholder. The Debtors do not seek to dodge payment of any portion of the Lienholder's claim secured by the first lien against the Residence. The Court finds the Modified Plan does not run afoul of § 1322(b)(2).

---

[14] *Id* at 1408.

Case 2:19-bk-06454-DPC    Doc 65    Filed 12/24/20    Entered 12/24/20 15:42:55    Desc
Main Document    Page 4 of 7

Even if the Debtors' Modified Plan could be construed to modify the Lienholder's claim secured by the Debtors' Residence, the provisions of § 1322(b)(3) permit the Modified Plan to cure Debtors' post-Petition Date defaults on their obligations to the Lienholder. Paragraph (3) permits a chapter 13 plan to "provide for the curing or waiving of any default." The defaults which may be cured by a chapter 13 plan are not limited to pre-petition defaults or defaults on unsecured obligations or defaults on obligations secured by personal property or by real property which is not a debtor's principal residence. Rather, § 1322(b)(3) allows a debtor's plan to cure *any* defaults, without regard to the nature of the claim or collateral securing the creditor's claim.

In addition to § 1322(b)(3), this Court looks to § 1322(b)(3)(5) which permits a debtor's plan to overcome the residential loan modification restrictions of § 1322(b)(2). § 1322(b)(5) begins by explicitly noting that this paragraph controls the directives of § 1322(b)(2). It then goes on to permit a debtor's chapter 13 plan to (1) "…provide for curing of any default within a reasonable time…" and (2) "…maintenance of payments…on any…secured claim on which the last payment is due after the date on which the final payment under the plan is due." Here, the Lienholder's first position secured claim calls for a final payment to the Lienholder after Debtors' final payment is due on their proposed Modified Plan. Debtors' proposal to pay (cure) post-Petition Date defaults through payments to the Lienholder over the term of the Modified Plan is a permitted provision under § 1322(b)(5). In this regard, this Court agrees with Judge Hess' opinion in the case of *In re McCollum*[15], where the court noted that § 1322(b)(5) "is not specifically limited to prepetition defaults and in fact provides for curing of 'any defaults.'" *McCollum* held "that §§ 1329, 1322(b)(2) and (5) permit the court to approve the modification of a plan to take into account post-confirmation defaults in payment to a creditor secured only by the debtor's residence."[16] The 11th Circuit Court of Appeals had occasion to address this same issue and found this conclusion in accord with both the

---

[15] *In re McCollum*, 76 B.R. 797, 800 (Bankr. D. Or. 1987)
[16] *Id*.

5

legislative history behind these chapter 13 provisions and the analysis of "the leading treatise[17] on bankruptcy."[18][19]

Despite the Trustee's protestations to the contrary, the Debtor's Modified Plan does not violate the mandate of this Court's Local Rule 2084-4(b)(2)(C). That Rule states: "Debtor must include the regular post-petition payment amount owing to the real property creditor along with the trustee's fee of 10% in the regular plan payments." Here, the Debtors' Modified Plan calls for monthly payments to the Trustee in an amount sufficient to satisfy the Debtors' regular post-petition monthly payment due to the Lienholder, as well as the Trustee's 10% cut, plus additional amounts needed to cure pre- and post-Petition Date payment arrears on their debt owed to the Lienholder which debt is secured by the Residence.

Next, the Trustee references this Court's 2018 Order in *Klave*, 2:16-bk-14246 as supporting his argument that a secured creditor's written consent must be given if post-Petition Date defaults are to be cured under a modified chapter 13 plan. *Klave* involved the question of whether a debtor's modified plan could escape the conduit payment system without the creditor's written consent where the earlier confirmed plan involved the secured creditor's voluntary participation in this Court's Mortgage Modification Mediation ("MMM") program. Since the secured creditor could not be forced to participate in the MMM program but voluntarily opted to do so, this Court found the debtor could not later be relieved of making conduit payments as called for in the MMM program without the written consent of the secured creditor. *Klave* is factually dissimilar to the case at bar and does not suggest that the Debtors in the case at bar must gain the Lienholder's written consent to the Debtors' proposed Modified Plan.

---

[17] I.e., *Colliers on Bankruptcy*.
[18] *In re Hoggle*, 12 F.3d 1008, 1010 fn 3 (11th Cir. 1994).
[19] The Trustee argues that *United Student Aid Funds, Inc. v Espinosa*, 559 U.S. 260 (2010) reminds bankruptcy courts to "not confirm plans that fail to comply with the self-executing requirements" of the Code. DE 63, page 4. Because this Court finds the Debtors' Modified Plan complies with the noted provisions of the Bankruptcy Code, the Court does not address this argument.

6

The Trustee correctly notes, however, that the Modified Plan does not specifically indicate how or when the post-Petition Date missed payments will be made. The Modified Plan only indicates that "post-petition conduit payments for the months 3/2020 through 6/2020 that have been missed based on the suspension of payments will be cured through" the Modified Plan.[20] This lack of specificity leaves this Court unable to determine whether the post-Petition Date default (which may be cured in the Modified Plan) is actually proposing to do so "within a reasonable time" as required by the 1st phrase of § 1322(b)(5). For this reason, the Court cannot presently approve the Modified Plan. The Modified Plan must not leave the Trustee guessing as to which obligations the Debtors' conduit plan payments are to be applied. The Plan must indicate whether the conduit payments are to be applied to currently due principal and interest amounts or to post-Petition Date defaulted amounts or pre-Petition Date arrears or to late fees, attorney's fees or to any other component of the Lienholder's 1st lien secured by the Debtor's Residence.

**CONCLUSION**

Debtors' proposed Modified Plan may be confirmed without first gaining the Lienholders' written consent to the Modified Plan's cure proposed for post-Petition Date defaults on Debtor's Confirmed Plan. However, the Debtors' Modified Plan must first provide the Trustee with greater detail on where and when Debtors' plan payments are to be applied.

Debtors shall file their revised Modified Plan no later than February 1, 2021.

**DATED AND SIGNED ABOVE.**

---

[20] DE 43, page 7 of 9.